**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Damon John White Bird, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joseph Joyce, Warden, et al., | ) | Case No. 1:26-cv-393 |
| | ) | |
| Defendant. | ) | |

---

Plaintiff is an inmate at the North Dakota State Penitentiary. He initiated the above-captioned action *pro* se on November 10, 2026, by filing an application to proceed *in forma pauperis*, which the undersigned has since granted, a complaint, and a motion for court-appointed counsel, which the undersigned has since denied without prejudice.

On November 11, 2026, Plaintiff filed what the undersigned construes as a motion to recuse. (Doc. No. 9). He seek to remove the undersigned as the referred magistrate in this matter for what he asserts is the undersigned's bias, prejudice, interest, and inability to proceed with impartiality.

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 940 (9th Cir.1986) (quoting Mayes v. Leipziger, 729 F.2d 605, 607

(9th Cir.1984) (citations omitted)).

Plaintiff does not articulate the basis for his assertions of bias and prejudice. The undersigned surmises that Plaintiff's assertions are borne of his disagreement with the undersigned's orders in this case and/or a Report and Recommendation in another case previously filed by Plaintiff.[1] Such dissatisfaction is not a valid basis for recusal, however. See e.g., Leonard v. Monroe Cnty. Fla., 789 F. App'x 848, 851 (11th Cir. 2019) ( "[A] judge's adverse ruling – without more – is insufficient to demonstrate the requisite pervasive bias and prejudice against a party that would mandate recusal."). The United States Supreme Court has noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); see also Moran v. Clarke, 296 F.3d 638, 649 (8th Cir. 2002) ("[a]n unfavorable judicial ruling... does not raise an inference of bias or require the trial judge's recusal").

Armed with all of the facts, no reasonable person would conclude that the undersigned harbors any bias or is otherwise prejudiced against Plaintiff. Consequently, the undersigned's recusal is neither necessary nor warranted. Plaintiff's motion to recuse (Doc. No. 9) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 25th day of November, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

[1] On January 16, 2026, Plaintiff filed a Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody. See White Bird v. Joyce, Case No. 1:26-cv-011 (D.N.D.) at Doc. No. 2. On August 21, 2026, the undersigned issued a report recommending that the Court deny the petition be denied without prejudice. See id. at Doc. No. 37. On September 28, 2026, the Court adopted the undersigned's report and recommendation over Plaintiff's objection and denied the petition. See id. at Doc. No. 39. Judgment was entered accordingly and Plaintiff filed a Notice of Appeal. See id. At Doc. Nos. 40 and 41.